IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYRION BALL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Civil No. 26-cv-25 |
| | ) |
| **SUPERINTENDENT TINA WALKER,** | ) |
| *STATE CORRECTIONAL INSTITUTION* | ) |
| *FAYETTE*. , | ) |
| | ) |
| Respondent. | ) |

## ORDER ON APPEAL

Before the Court is Kyrion Ball's "Preliminary Objections to Deficiency Order filed January 28, 2026," construed as an Appeal of the Deficiency Order. ECF No. 8. In the Deficiency Order, the Magistrate Judge identified the following deficiencies in Mr. Ball's initial filing: he either, failed to pay the filing fee *or* he failed to move for leave to proceed *in forma pauperis*; he failed to complete a consent to jurisdiction form; and he failed to properly identify whether he is seeking federal habeas corpus relief under 28 U.S.C. § 2254 or whether he is asserting claims for violations of his constitutional rights through a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 2. The Deficiency Order directs Mr. Ball to address the identified deficiencies. The Deficiency Order also includes detailed explanations of what is required to cure the deficiencies, as well as provides Mr. Ball with several relevant blank forms. Mr. Ball appeals/objects to the Deficiency Order, but he does not state specific objections to any specific portion of the Deficiency Order. Therefore, the Court will treat Mr. Ball's Appeal as a challenge to the Deficiency Order in general. For the reasons stated below, the Appeal will be denied.

The Magistrate Judge's Deficiency Order is non-dispositive. The Federal Magistrates Act provides that a "clearly erroneous or contrary to law" standard applies to a magistrate judge's

resolution of nondispositive matters, 28 U.S.C. § 636(b)(1)(A), *accord* Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense"). Nondispositive orders will not be disturbed, unless such is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

The Court has reviewed the Magistrate Judge's Deficiency Order and attachments. The Deficiency Order, relying upon applicable law, directs Mr. Ball to cure identified deficiencies. Specifically, the Order directs Mr. Ball to pay the filing fee or file a motion for in forma pauperis status, complete a consent to jurisdiction form, and identify what type of case Mr. Ball is attempting to assert: habeas or civil rights. This Court will not overrule an Order where there is no evidence that the Magistrate Judge has committed error or abused her discretion. The Court finds that the Magistrate Judge's Deficiency Order is not an abuse of discretion and is not clearly erroneous. Accordingly, the following Order is entered.

AND NOW, this 27th day of February 2026, it is hereby ORDERED that Kyrion Ball's "Preliminary Objections to Deficiency Order filed January 28, 2026," ECF No. 8, is DENIED.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Kyrion Ball
GZ7653
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450